


**FORM FOR USE IN APPLICATIONS
FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 224.**

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____ (to be supplied by the Clerk of Court)

__Worklis Luna Aponte_____, PETITIONER
(Full name -- include name under which you were convicted)

v.

__Martin D. Herron_____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

__Worklis Luna Aponte     A # 044 133 120__
NAME AND PRISON NUMBER
  Buffalo Federal Detention Facility  (BFDF)
  4250 Federal Drive, Batavia, New York 14020

PLACE OF CONFINEMENT

(If the petitioner wishes to attack a federal judgment under which a sentence was imposed he/she should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment).

**PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 2241
BY A PERSON IN FEDERAL CUSTODY**

**INSTRUCTIONS--READ CAREFULLY**

1.  This petition must be legibly handwritten or typewritten, signed by the petitioner and subscribed to under penalty of perjury as being true and correct. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question type or use lined paper.

2.  No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4. If you do not have the necessary filing fee, you may submit an application to proceed in forma pauperis , in which event you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. You must also have an authorized official at the correctional facility complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $150.00, you must pay the filing fee as required by the rule of the district court.

5. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or different states, you must file separate petitions as to each court.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7. When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is: 100 South Clinton Street, Syracuse, New York 13261.

8. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**PETITION**

1. Name and location of court which entered the judgment of conviction under which you are presently confined:
Board of Immigration Appeals (BIA)
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

2. Date of judgment of conviction: July 20th, 2007

3. Length of sentence: N/A     Sentencing Judge: BIA Judge

4. Nature of offense or offenses for which you were convicted:
Pro Se petitioner Worlklis Luna Aponte is alleging ineffective assistance of counsel base on the fact that his representing attorney, Mr. Ismael Gonzalez, ESQ., of Ismael Gonzalez & Associates, 53 West 36th Street, Suite 605, New York, New York 10018, fails to notify petitioner in a timely manner about the dismissal of petitioner's appeals by the Board of Immigration Appeals (BIA). By the time petitioner's realized that his appeal was dismissed, it was very late to file petition for review with the Second Circuit Court of Appeals.

5. Were you sentenced on one or more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   YES ( )   NO ( ). N/A

6. Do you have any further sentence to serve after you complete the sentence imposed by the judgment under attack?   YES ( )   NO ( ). N/A

   (a) If so, give name and location of court which imposed sentence to be served in the future: Not Applicable - Petitioner file for review of the BIA and Ineffective Assistance of Counsel for not informing petitioner about the dismissal of petitioner's appeal by BIA, and failing to file petition for review of the BIA decision to Second Circuit Court of Appeals.

   (b) And give date and length of sentence to be served in the future: Not Applicable

   (c) Have you filed, or do you contemplate filing, a petition attacking the judgment which imposed the sentence to be served in the future?   YES ( )   NO ( ). N/A

7. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground:

   (a) Ground one: Petitioner's attorney, Mr. Ismael Gonzalez, ESQ., of Ismael Gonzalez & Associates, located at 53 West 36th Street, Suite 605, New York, NY. Fails to file petition for review on behalf of petitioner as promised.

   Supporting FACTS (Tell your story briefly without citing cases or law):
   Attorney Ismael Gonzalez, ESQ., was pro se petitioner Worlklis Luna Aponte attorney of record during petitioner's immigration removal proceedings since 2007. Mr. Gonzalez was retained by petitioner's mother and Mr. Gonzalez agreed to represent petitioner Worlklis Luna Aponte throughout his immigration matters. petitioner lost his case before the immigration judge ("IJ") and proceed with an appeals to Board of Immigration Appeals (BIA) with the same attorney - Mr. Gonzalez. Subsequently, petitioner's appeal was dismissed by the BIA without petitioner's knowledge or contact from his representing attorney Mr. Gonzalez, by the time petitioner find out that his appeals before the BIA was dismissed it was very late to file petition for review to the Second Circuit Court Of Appeals. Petitioner eventually filed a late petition for review alleging ineffective assistance of counsel and other defeciencies by the Immigration Judge (IJ) and Board of Appeals pursuant to judicial review by the Second Circuit Court of Appeals for the Second Circuit as the judicial jurisdiction of where petitioner's immigration proceedings lies.

(b) Ground two:
Representing attorney lack proper communication with petitioner in a timely manner and proper manner to notify petitioner about the dismissal of petitioner's case before the Immigration Board of Appeals.

Supporting **FACTS** (Tell your story briefly without citing cases or law):
Representing attorney Ismael Gonzalez, ESQ., did not inform petitioner that his case has been dismissed by BIA, but sent a letter to petitioner's mother that does not speak or understand English very well. The letter stated that the BIA dismissed petitioner's case and he doesn't think that he could make a legal argument in petitioner's case that would warrant a reversal of the Board's of Appeals decision, and the letter also inform petitioner's that he had until August 20th, 2007 to file an appeal to the Circuit court for review. Petitioner was unaware of this information until petitioner received letter from his mother and by that time it was too late to file petition for review of the Immigration Judge and the Board of Immigration Appeal dismissal of petitioner's case. So when petitioner's file his petition for review with the circuit court, petitioner filed it along with a Motion for Enlargement of Time to File Petition for Review of the BIA decision. In the affirmation in support of Petition for Review of the Board of Immigration Appeals, petitioner's alleged ineffective assistance of counsel base on the lack of communication between petitioner's and his counsel.

(b) Ground three:
Representing attorney Ismael Gonzalez, ESQ., did not discuss what his next plan is in regards to petitioner's case, despite that he knew that petitioner's case has been dismissed by the Board of Immigration Appeals.

Supporting **FACTS** (Tell your story briefly without citing cases or law):
Despite that attorney Ismael Gonzalez is petitioner's representing attorney that represented petitioner's in all his immigration proceedings, because petitioner's mother retain attorney Ismael Gonzalez to represent petitioner in all his immigration matters from beginning to the end of petitioner's matter in all courts. Attorney Ismael Gonzalez new that petitioner's is confined at Buffalo Federal Detention Facility, Batavia, New York, when received letter from BIA stating that petitioner's appeal before the Board of Immigration Appeals has been dismissed. Upon attorney Ismael receiving this letter he fails to send a copy of the letter to his client "the petitioner" but rather send a copy of the letter to petitioner's mother that can not really read and write properly, telling petitioner's mother that he doesn't think that he has a defense that can warrant a reversal of the Board of Immigration Appeals decision instead of sending the same message to petitioner, so that they can both agreed on what their next step will be in rgards to the dismissal of petitioner's appeals before the Board of Immigration Appeals.

(b) Ground four:
Representing attorney Ismael Gonzalez, ESQ., action constitute ineffective assistance of counsel, because of his failure to notify petitioner's of the dismissal by BIA and also for misrepresent information to the Board of Immigration Appeals.

Supporting **FACTS** (Tell your story briefly without citing cases or law):
Not only did representing attorney Ismael Gonzalez, ESQ., fails to notify or communicate with his client about a crucial matter such as dismissal of his client's case, he did not tell petitioner's verbally or by mail what his next plan is after the dismissal of petitioner's case by BIA, he also fails to file a timely petition for review with the Second Circuit Court of Appeal nor did he notify petitioner's that he was not going to file a petition for review by the time petitioner's got a mail from his mother, it was already to late for petitioner to file petition for review in a timely fashion. During petitioner's appeal to the BIA, petitioner's representing attorney also mislead the BIA by misrepresenting information that is not factual to the BIA. Mr. Ismael Gonzalez stated that the September 20th, 2006, is the only conviction that petitioner's has is not factual. Mr. Ismael Gonzalez also stated that petitioner was attempting to vacate his 2006 conviction when petitioner's has not even filed any motion to vacate the conviction with the convicting court even though petitioner's criminal attorney was ineffective which lead to petitioner's pleading to the crime of Sept. 2006.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he/she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is Sworn to before me on the 26 day of OCT, 2010

Michael A. Finnigan
Notary Public, Monroe County
My Commission Expires Sept 20, 2013

10/25/10
(Date)

(Signature)

NOTARY PUBLIC

(Signature of Attorney (if any))

W:\2241.WPD